## 9008

### EASLER v. COLUMBIA RY., GAS & ELECTRIC CO.

#### (84 S. E. 417.)

CARRIER AND PASSENGER. PERSONAL INJURIES. MALPRACTICE OF CARRIER'S SURGEON.

1. CARRIERS—PASSENGERS—INJURIES TO PASSENGERS—MALPRACTICE OF CARRIER'S SURGEON—LIABILITY.—A passenger suing for a personal injury and for the malpractice of the carrier's surgeon, in treating him for the injuries, has the burden of proving the incompetency of the surgeon.

2. CARRIERS—PASSENGERS—INJURIES TO PASSENGERS—MALPRACTICE OF CARRIER'S SURGEON—LIABILITY.—A carrier employing a surgeon to treat gratuitously passengers sustaining personal injuries is not liable where the surgeon is reasonably competent, though he neglects a passenger sustaining an injury.

3. CARRIERS—PASSENGERS—INJURIES TO PASSENGERS—MALPRACTICE OF CARRIER'S SURGEON—LIABILITY.—Though a carrier must call a surgeon to treat an injured passenger in a sudden emergency, it need not do so where the natural guardian of an infant injured passenger is present and dissents from its calling a surgeon.

4. CARRIERS—PASSENGERS—INJURIES TO PASSENGERS—MALPRACTICE OF CARRIER'S SURGEON—LIABILITY.—Where a carrier injured an infant passenger and refused to surrender him to his parent, but insisted on taking him to the carrier's surgeon, who treated him, the carrier was liable for the malpractice of the surgeon, without reference to its exercise of care in employing a competent surgeon.

5. CARRIERS—INJURIES TO PASSENGERS—LIABILITY.—Where a passenger signaling a car to stop was flung from the car and thrown to the ground while on the platform to alight, and the accident was caused by the carrier's negligence, the carrier was liable.

Before HON. W. A. HOLMAN, special Judge, Columbia, June, 1914.  Affirmed.

Action by Bennis Lorin Easler, an infant, by his guardian *ad litem,* H. R. Easler, against the Columbia Railway, Gas & Electric Company.  From a judgment for plaintiff, defendant appeals.

FOOTNOTE.—Liability of railway or steamship company for negligence of physician or surgeon of company called to attend passenger, see notes in 23 A. & E. Ann. Cas. 1912b, 935, and 36 L. R. A. (N. S.) 50.

*Messrs. Elliott & Herbert,* for appellant, cite: *As to defendant's liability for surgeon's negligence:* Thompson Negligence, sec. 3841; Ann. Cas. 1912b, 933 and note; 28 L. R. A. 554; 107 N. Y. 228; 1 Am. St. Rep. 815; 23 L. R. A. 581; 45 S. E. 741; 50 Am. St. Rep. 317; 13 L. R. A. 329; 27 L. R. A. 840; 2 Elliott Railroads (2d ed.), sec. 223; 3 *Ib.,* sec. 1388; 48 L. R. A. (N. S.) 536; 98 S. C. 25.

*Messrs. McLaughlin & Smith,* for respondent.

March 1, 1915.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action for tort to the person; verdict for plaintiff for $1,000; appeal by defendant.

History: The electric car was running towards College Place in the northern suburbs of Columbia. The plaintiff, a boy 14 years old, was a passenger. He rang for the car to stop, rose and went forward to the platform occupied by the motorman, and got upon the step. He was thrown to the ground and his shoulder bones injured. His mother, living hard by, came out to the scene, and, it is alleged, desired to take the boy into her house. The conductor, it is alleged, demurred, and carried the boy to the end of the line and back into the city to the company's surgeon for treatment, as he was bound to do by the company's rules. He was treated by that surgeon and discharged for well.

There are two exceptions, but the second was withdrawn, and the first only was argued, and on it turns the case.

The defendant's fifth request was this:

"In the complaint it is alleged that the defendant, through its doctor, negligently treated the plaintiff. I charge you there is no evidence in this case which will warrant you in giving any verdict on account of such alleged treatment on the part of the physicians employed by defendant."

The Court declined to charge the request, and that is the issue here.

The exception thereabout indicates the error of the refusal, to wit:

"The error being that there was no act of omission or commission shown on the part of defendant's physician, and defendant had no power to direct the medical services of its physician, and was only chargeable with reasonable care in employing said physician, and the evidence, therefore, failed to show any negligence, and the request was proper, and should have been charged."

The exact issue the appellant has made in argument is this: That the defendant acquits itself when it has used ordinary care in the gratuitous employment of a reasonably competent surgeon; and, that done, the company is not liable for the surgeon's tort.

The respondent contends at the outset that the request embodied no such idea, and that no such idea was expressed in argument to the Court below, and that the issue which it embodied may not now be made here.

It is true the complaint contained no allegation of negligent employment, nor did the answer contain any allegation of competency. And it is true that no witness for the defendant was asked to testify to the competency of the surgeon; but no witness for the plaintiff testified directly to his incompetency, and the burden of proving that was on the plaintiff. There was no reference in the Court's charge to the matter of negligent employment.

A critical construction of the request doubtless sustains respondent's view; but the exception, made after the trial, it is true, suggests the idea; and we shall consider the issue now suggested in appellant's argument, but in the light of the testimony of the witnesses.

It is true that if a carrier shall (1) employ a surgeon to treat a patient, (2) and if the surgeon be reasonably competent, (3) and if the service to the patient be gratuitous,

and (4)· if the surgeon neglect the patient, then the master is not liable for the ill consequences to the patient. In that case, if the carrier owed any duty, he performed it when he selected a reasonably competent surgeon. In that case the carrier, as the alleged master of the surgeon, is not held liable for maltreatment, and on the theory that he has no power to direct the surgeon about his work.

But in the case at bar there was testimony—denied by the defendant, it is true—that the boy was taken away from the mother against her consent. Her testimony is short, and this is the pith of it:

"I went out immediately, and the conductor had the boy up and was pushing him to the car. Conductor said his arm was. broke. I kept pleading with him to let me take him to the house, and he said it was against the rules of the company to let him go without some of the officers was there. They put him back on the car and took him to the end of the line—about three-quarters of a mile. I protested against this. He didn't offer to bring me back with the boy. Mr. Davis, who works for the company, brought the boy back home later. His arm was broken; he was bandaged up and suffered awful. Dr. Boyd came out one time. He said for the boy to come down every day. Boy started back to work, and father had to stop him. I never told the company not to take him and treat him free, and did not tell them to do so. They gave me no chance to do so. The boy kept on going down there to be treated."

If that be true, and of it the jury judged, then there was evidence which warrants the jury in giving a verdict on account of the treatment of the physician. (Language of request.)

It may be the duty of the carrier to call a surgeon to serve an injured passenger in a sudden emergency; but it is not the duty of the carrier to do so when the natural guardian of the injured passenger is present and dissents therefrom.

It is manifest the defendant had no right to the custody of the boy against the mother's consent; the forcible taking of custody was in itself a wrong; the relation of the carrier and passenger was not immediately terminated; and, if the boy was injured while thus in the defendant's custody, not matter if by a surgeon, then the defendant is liable for such injury. The carrier is estopped to deny that it inflicted the injury. The Court, in effect, so charged the jury, and there is no exception thereabout.

Thereupon follows another inquiry necessary to be proved to sustain the plaintiff's action: Was the boy injured by malpractice of the surgeon? Two surgeons swore that he was; three swore that he was not; and betwixt them the jury decided for the plaintiff.

But the verdict may be sustained independently of the alleged tort of the surgeon. If the plaintiff was flung from the car and his shoulder broken, and if he was so thrown by the sole negligence of the company, then the defendant is liable.

The verdict is conclusive against the defendant on those issues.

In any view of the case, the verdict must be sustained, and the judgment affirmed.

It is so ordered.