## 10002

### THOMAS v. REGISTER.

#### (96 S. E. 517.)

1. PHYSICIANS AND SURGEONS—NEGLIGENCE—PAIN FROM TREATMENT.— Negligence on the part of a physician in treating his patient for piles is not a reasonable inference from the bare fact that pain accompanied the treatment.

2. PHYSICIANS AND SURGEONS—MALPRACTICE—EVIDENCE.—In an action against a physician for negligently and wilfully treating plaintiff for piles, where the complaint alleged defendant was commonly called and designated as a quack and an imposter, was unskilled and unlearned in his profession, and wholly incapable of relieving and curing piles by the treatment which he applied to plaintiff, the issue thus being that the remedy was specious, and that defendant knew it,

testimony showing specific instances in which other persons had been benefited by the treatment administered to plaintiff was admissible.

3. COURTS — COUNTY COURTS — ELECTION OF JUDGES — CONSTITUTION.— Under Const., art. V, secs. 2, 11, 13, the General Assembly, empowered to establish county Courts, had power to declare that the Judges of such Courts should be elected by the people.

Before WHALEY, County Judge, Richland, December 1, 1917. Reversed, with directions to enter a nonsuit.

Action by J. H. Thomas against W. R. Register. Judgment for plaintiff, and defendant appeals.

*Messrs. Cole. L. Blease* and *Logan & Graydon,* for appellant, cite: *As to inadmissibility of testimony as to conversations which plaintiff had with others than defendant:* 90 S. C. —; 73 S. E. 187. *As to inadmissibility of self-serving declarations:* 24 L. R. A. (N. S.) 253, note; 10 Rich. L. 123; 65 S. C. 21. *As to the lack of jurisdiction in the County Court, and the Judge thereof, to try this case:* Constitution of 1895, article V, sections 1 and 11; S. C. Acts 1917, 156-161.

*Messrs. E. J. Best* and *Jno. D. Lee,* for respondent. *Mr. Lee* cites: *As to the constitutionality of the County Court Act:* XXX Stats. 156-161; Constitution of 1895, art. V, .sec. 1; 96 S. C. 443; 101 S. C. 318; Constitution of 1895, article V, sections 2, 11, 13 and 20; 84 S. C. 552; 13 Rich. 277; 9 S. C. 44; Cooley Con. Lim. 233; 26 Am. & Eng. Enc. 694. *Exceptions too general:* 99 S. C. 217; 100 S. C. 43; 103 S. C. 417. *As to admission of testimony:* 101 S. C. 73. *As to punitive damages:* 103 S. C. 98; 62 S. C. 325; 103 S. C. 481. *As to main issue, and herein of specialists:* (N. J.) Ann. Cas. 1915d, 1122, and note.

June 26, 1918.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action by a patient against a physician for a tort to the person; verdict for both actual and punitive damages; appeal by the physician.

There are 14 exceptions, but there were not so many vital issues. We shall only consider those which are necessary to decide the cause.

The alleged tort arose out of the treatment of the plaintiff by the defendant for piles. The charge is that the treatment was both negligent and wilful. We have considered the testimony, and there is no room to infer from it that the defendant was either negligent or wilful in what he did. The only negligent act suggested by the plaintiff's counsel at the bar was the persistent treatment of the patient, notwithstanding the pain which the treatment gave the patient. The defendant offered no testimony to prove that piles could be treated without pain. Negligence is not a reasonable inference from bare fact that pain accompanied the treatment.

There was no testimony tending to prove that the compound injected, or that the instrument used for the injection, were unfit. On the other hand, one of the plaintiff's expert witnesses testified that he "had heard of treatment by injection, and that some reputable physicians use the same now." Counsel for the appellant was unable to suggest at the bar any act or any utterance of the defendant which pointed to his wilfulness, and the testimony shows none such. The Court ought to have directed a nonsuit, and must yet do so.

The Court, furthermore, excluded all testimony tending to show specific instances in which other persons had been benefited by the treatment which was administered to the plaintiff. The complaint alleged "that the defendant is commonly called and designated as a 'quack and an impostor,' and that he is unskilled and unlearned in his profession, and was and is wholly incapable of relieving or curing piles in any by the manner of treatment which he

applied to the plaintiff, and that the defendant well knew such fact." The issue, then, which the plaintiff tendered by his pleading was that the remedy was specious, and the defendant knew the fact. If it be true that the defendant applied the same remedy to others than the plaintiff, which others had a like affliction, and with helpful results, that would tend to disprove the plaintiff's allegation. The testimony was competent.

The other exceptions need not be noted save that which goes to the title of the trial Judge to his office. The point of that exception is that the Judge of the County Court of Richland was elected by the people where he ought to have been elected by the General Assembly. There is no warrant for that view.

The Constitution expressly provides how Justices of the Supreme Court and Judges of the Circuit Court shall be elected. Sections 2 and 13 of article V. That instrument declares that the General Assembly may establish county Courts, but it does not declare how the Judges of such shall be elected. The General Assembly, which was empowered to establish the Courts, was, therefore, invested with the power to declare how the Judges of the newly established Courts should be elected. The appellant rests the argument on the words of section 11 of the fifth article. But that section gives no warrant for the appellant's contention. It simply declares that where vacancies occur in judicial tribunals they shall be filled by "elections as herein prescribed." The elections so prescribed were expressly and only for Justices of the Supreme Court and Judges of the Circuit Court.

The judgment is reversed, with direction to enter a nonsuit for the defendant.