# 11486

## HARDIN v. SOUTHERN RWY. CO.

### (122 S. E., 582)

1. MASTER AND SERVANT—FEDERAL STATUTE OF LIMITATION HELD INAPPLICABLE.—Where complaint for injuries to a railroad employee does not show that employee and railroad company were engaged in interstate commerce at time of alleged injury, holding on demurrer that plaintiff's cause of action was barred under Federal Employers' Liability Act (U. S. Comp. St. §§ 8657-8665), because it was not brought within two years after it accrued, *held* error.

2. MASTER AND SERVANT—MASTER'S DUTY TO FURNISH MEDICAL ATTENTION TO INJURED EMPLOYEE.—Master is under no legal duty to furnish medical attention to injured employee, except when he is under a contract to do so, or employee has been so severely injured that he is unable himself to employ medical skill; the doctrine of *respondeat superior* having no application in such cases.

3. MASTER AND SERVANT—COMPLAINT FOR FURNISHING INCOMPETENT PHYSICIAN MUST ALLEGE KNOWLEDGE ON EMPLOYER'S PART.—In action against employer for securing an incompetent physician for

   injured employee, complaint must allege employer's knowledge, or some facts from which constructive knowledge of physician's incompetency could be inferred.

4. MASTER AND SERVANT—PHYSICIAN EMPLOYED PRESUMED COMPETENT.—In an action against employer for securing an incompetent physician for injured employee, in the absence of allegation and proof, the law will presume that physician employed is reasonably skillful and competent, and plaintiff has burden of establishing the contrary.

Before MAULDIN, J., Lancaster, March, 1923. Order affirmed.

---

Note: On constitutionality, application and effect of Federal Employer's Liability Act, see notes in 47 L. R. A. (N. S.), 38; 48 L. R. A. (N. S.), 987, and L. R. A., 1915C, 47.

On duty and liability on one other than a physician or surgeon who contracts to provide medical or surgical attention to another, see notes in 36 L. R. A. (N. S.), 50, and L. R. A., 1915D, 884.

On liability of one for personal injury for consequences of negligence, mistake, or lack of skill of physician or surgeon, see note in 8 A. L. R., 506.

Action by P. W. Hardin against the Southern Railway Company. From an order sustaining a demurrer to the complaint, plaintiff appeals.

The Circuit Court order sustaining a demurrer to the complaint follows:

On the call of the above case on the docket, at the Spring Term, 1923, of the Court for Lancaster County, the defendant, upon notice stating the grounds thereof, interposed a demurrer to the complaint, upon the general ground that it did not state facts sufficient to constitute a cause of action against the defendant. The more specific grounds of the demurrer will appear by reference to the notice of motion served upon plaintiff's counsel. This matter was fully argued before me by counsel for both plaintiff and defendant.

The main grounds of the demurrer argued by counsel for the defendant were:

(1) That the plaintiff's cause of action was barred under the terms of the Federal Employers' Liability Act (U. S. Comp. St., §§ 8657–8665), because it was not brought within two years after the alleged cause of action accrued.

(2) That the complaint fails to state any facts showing negligence on the part of the defendant, either with respect to the original injury or the alleged injury arising from the employment of an inefficient and incompetent physician to treat said injuries.

(3) That the complaint fails to state facts showing negligence in the selection and employment of a physician, as no facts are stated tending to show that the defendant was under any contractual duty to employ a physician, and that it does not allege any facts tending to show that defendant knew, or had any reasonable grounds for knowing, that the physician alleged to have been employed was inefficient, unskillful, or incompetent.

(4) That any cause of action that plaintiff might have had was exclusively under the Federal Employers' Liability

Act, and that the plaintiff could not split up such cause of action, and any alleged cause of action arising from treatment by an incompetent physician could not be separated from the original injury, as any alleged damages therefor would be too indefinite, uncertain, and speculative to constitute a cause of action.

In the second paragraph of the complaint it is alleged that the plaintiff was injured by the negligence of the defendant, its agents and servants, on the 21st day of March, 1917, while in the service and employment of the defendant, on its main line between Washingtos, D. C., and Charlotte, N. C., at a point in the State of Virginia near the small village of Covesville. The summons attached to the complaint shows that the action was commenced on or about the 16th day of February, 1923, more than two years after the plaintiff was injured as alleged. In my opinion, the clear inference to be drawn from the facts stated is that the plaintiff received his injuries while both he and the defendant were engaged in interstate commerce. If this be true, then it is clear that the plaintiff's only remedy was under the Federal Employers' Liability Act, which is exclusive of all other remedies in cases arising thereunder. Section 6 of that Act provides that "no action shall be maintained under this Act unless commenced within two years from the day the cause of action accrued."

It is very well settled under the Federal decisions that this provision is not merely a statute of limitations, but is a condition upon which the action may be maintained. In other words, it is a condition attached to the right to sue at all, and unless suit shall be brought within the two-year period the right of action provided in the statute is, for all intents and purposes, destroyed and abrogated. *Walker v. Iowa Cent. R. Co.* (D. C.), 241 Fed., 395. *Morrison v. B. & O. R. R. Co.,* 40 App. D. C., 391; Ann. Cas. 1914C, 1026. *Atlantic Coast Line Railroad Co. v. Burnette,* 239

U. S., 199; 36 Sup. Ct., 75; 60 L. Ed., 226. I do not think that the complaint states any facts from which negligence of the defendant can be inferred that proximately caused the plaintiff's alleged injury, on the 21st of March, 1917, and, if such negligence had been sufficiently stated, the action for the original injuries would be clearly barred under Section 6 of said Act of Congress.

Plaintiff's counsel, however, frankly stated in open Court that he made no claim for damages for plaintiff's original injury, and that he was not bringing suit therefor, under the Federal Employers' Liability Act. He contended that his cause of action was for damages for malpractice of the physician, who was alleged to have been employed by the defendant, and that this was a separate and independent tort. As to this contention, I am of the opinion that the injuries intended to be alleged in the third and fourth paragraphs of the complaint are merely a continuation or aggravation of plaintiff's original injury, and his cause of action cannot be separated, so as to make two separate and distinct causes of action. The complaint alleges that the latter injury and present condition of plaintiff's ankle was the result of treatment by an inefficient physician employed by the defendant. I think, however, that all the damages that the plaintiff is alleged to have sustained resulted from the original injury, and are a part and parcel thereof. *Chicago, City Railroad v. Saxby,* 213 Illinois, 274; 72 N. E., 755; 68 L. R. A., 164; 104 Am. St. Rep., 218. *Bement v. Grand Rapids & I. Railroad,* 194 Michigan, 64; 160 N. W., 424; L. R. A. 1917E, 322. *Selleck v. Janesville,* 100 Wis., 157; 75 N. W., 975; 41 L. R. A., 563; 69 Am. St. Rep., 906; monographic note, 36 Am. St. Rep., 845.

If, however, it should be held that paragraphs 3 and 4 of the complaint were intended to state a separate tort, resulting from the treatment of plaintiff's injuries by an incompentent physician employed by the defendant, then, in

my opinion, these paragraphs of the complaint fail to state facts sufficient to constitute such a cause of action. It is true that the complaint uses the words "negligence" and "negligent," but it does not state the facts from which such negligence can be inferred, and it is elementary that the complaint must state facts, and not mere conclusions. The law seems to be well settled that the master is under no legal duty to furnish medical attention to an injured employee, except when he is under a contract to do so, or where the employee has been so severely injured that he is unable himself to employ medical skill. It is also settled that the doctrine of *respondeat superior* has no application in such cases. 18 Ruling Case Law, pp. 506–508; case note in 4 L. R. A. (N. S.), 80. 21 Ruling Case Law, p. 873. Note in 8 A. L. R., 515. *Quinn v. Railroad,* 94 Tenn., 713; 30 S. W., 1036; 28 L. R. A., 552; also in 45 Am. St. Rep., 767. *Percival v. Nevill,* 1 Nott & McC., 452. *Owens v. Railroad,* 108 S. C., 266; 94 S. E., 15 (Judge Gary).

The case of *Easley v. Railway, Gas & Electric Co.,* 100 S. C., 96; 84 S. E., 417; L. R.. A. 1915D, 883, appears to sustain the doctrine that, when the employer has selected a reasonably competent physician to treat an injured employee or passenger, then there can be no liability for any default, mistake, or malpractice on the part of the physician so employed. It is also held in that case that the burden of proving the incompetency of the surgeon rests upon the plaintiff See, also, *Quinn v. Railroad,* 94 Tenn., 713; 30 S. W., 1036; 28 L. R. A., 552; 45 Am. St. Rep., 767. *Youngstown Park & F. S. R. Co. v. Kessler,* 84 Ohio St., 74; 95 N. E., 509; 36 L. R. A. (N. S.), 50; Ann. Cas. 1912B, 933, and notes.

While it is true that it is alleged in the third paragraph of the complaint that the defendant employed "a young, green, and inefficient physician to treat the injuries of the plaintiff," and that the defendant was negligent in employing

and retaining him, and that the injury of the plaintiff was unskillfully treated and never became well, these allegations, in my opinion, are far from stating negligence in the employment of the physician. There is an entire failure to state in the complaint any facts showing that the plaintiff was under contract with defendant to furnish medical aid to him; it fails to state any facts that tend to show that the defendant knew, or had any reason to suspect, that the physician so employed was incompetent or unskillful; nor does it state any facts sufficient to constitute a cause of action for malpractice in a case of this kind. I am of the opinion that it is necessary to allege knowledge on the part of the employer, or some facts from which constructive knowledge of the physician's incompetency could be inferred. In the absence of allegation and proof, the law will presume that the physician employed is reasonably skillful and competent, and, as stated above in the *Easley Case,* the burden of establishing these facts rests on the plaintiff. See, also, *State v. Housekeeper,* 70 Md., 162; 16 Atl. 382; 2 L. R. A., 587; 14 Am. St. Rep., 340. *Fincher v. Davis,* 27 Ga. App., 494; 108 S. E., 905; 21 R. C. L., p. 406.

After a careful consideration of the complaint and arguments of counsel, I am satisfied that the complaint fails to state facts sufficient to constitute a cause of action against the defendant. It is, therefore, ordered and adjudged that the demurrer be sustained, and that the complaint be dismissed.

*Mr. J. Harry Foster,* for the appellant, cites: *Statute of Limitation:* 80 S. C., 223. *Responsibility of a carrier for acts of its physician, an employee:* 100 S. C., 98; 139 S. W., Rep., 771; 50 Am. St. Rep., 314; 28 Am. St. Rep., 556; Thompson on Negligence, Sec. 3843; 60 Fed. Rep., 365; 45 Am. St. Rep., 767; 1 Am. St. Rep., 815.

*Messrs. McDonald & McDonald* and *Frank G. Tomp-kins,* for respondent, cite: *Precedence of the Federal Em-ployers' Liability Act over State Laws:* 223 U. S., 1; 18 R. C. L., 841–42; 223 Fed., 448; 260 Fed., 874; 232 U. S., 248; 231 Fed., 591; 228 U. S., 702; 234 U. S., 86; 98 S. C., 197. *Time limitation of the Federal Employers' Liability Act a part of the right of action rather than the remedy:* 160 N. W., 424; 167 N. Y. Supp., 177; 96 S. E., 640; 241 Fed., 395; 40 App. Cas. (D. C.), 391. *Neces-sity of pleading limitation of two years:* 239 U. S., 199. *Non-liability of corporation to supply medical aid to in-jured employee:* 18 R. C. L., 506–508; Case note; 21 R. C. L., 873; Case note 8 Am. L. R., 515; 95 Tenn., 713; 1 Nott. & McC., 452; 108 S. C., 266; 100 S. C., 96. *Com-petency of physician:* 36 L. R. A. (N. S.), 50. *Damage for malpractice:* 50 Am. R., 601; 104 Am. St. Rep., 218; 107 S. C., 200; 69 Am. St. Rep., 906; Note 36 Am. St. Rep., 807–861. *Demurrer:* 28 S. C., 388; 33 S. C., 216; 34 S. C., 62; 104 S. C., 323; 111 S. C., 394; 110 S. E., 837.

April 22, 1924.

MR. JUSTICE COTHRAN delivered the opinion of the Court.

The Circuit Judge was in error in holding that the plaintiff's cause of action was barred under the Fed-eral Employers' Liability Act, because it was not brought within two years after the alleged cause of action accrued. It does not appear, upon the face of the com-plaint, that both the employee and the railroad company were engaged in interstate commerce at the time of the al-leged injury, facts essential to the application of that Act. If it had so appeared, the conclusion would have been cor-rect.

The other grounds of the demurrer were properly
2-4 sustained, for the reasons stated by the Circuit Judge
in his order, which is accordingly affirmed.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.