[L. A. No. 8422. In Bank.—December 17, 1927.]

GEORGE M. DIMOCK et al., Respondents, v. GOODMAN A. MILLER, Appellant.

[1] NEGLIGENCE — DENTISTS — MALPRACTICE—EVIDENCE.—In an action against a dentist for damages alleged to have been caused by the negligent treatment of one of the plaintiffs, it is not necessary to demonstrate conclusively beyond the possibility of a doubt that the negligence resulted in the injury, as if that were the rule of law, it would never be possible to recover in a case of negligence in the practice of a profession which is not an exact science.

[2] ID. — PLEADING — USE OF UNSTERILIZED GLASS AND WATER — INFECTION.—In such an action, where the complaint alleged that the solution injected into the arm of one of the plaintiffs was prepared from water which was "highly septic and contaminated with germs or bacteria," the pleading was broad enough, notwithstanding it did not allege as negligence the use of an unsterilized glass containing unsterilized water and the use of an

---

1. Proof necessary to discharge burden of showing that negligence or unskillfulness of the physician caused or contributed to the death or injury of the patient, note, 15 L. R. A. (N. S.) 416. See, also, 20 Cal. Jur. 1078; 21 R. C. L. 407.

2. See 20 Cal. Jur. 1076.

unsterilized spoon, which matters were asserted by plaintiff's witnesses to be contributing factors in the infection.

[3] ID. — INSTRUCTIONS—LACK OF ERROR.—It is held in this case that there was no error in the instructions given to the jury.

---

(1) 4 C. J., p. 857, n. 2; 30 Cyc., p. 1587, n. 78.   (2) 30 Cyc., p. 1583, n. 38.   (3) 30 Cyc., p. 1588, n. 88.

APPEAL from a judgment of the Superior Court of San Bernardino County. Jesse Olney, Judge. Affirmed.

The facts are stated in the opinion of the court.

Swing & Wilson for Appellant.

Earle M. Daniels, Julius V. Patrosso, Grant Holcomb and C. C. Mishler for Respondents.

LANGDON, J.—Plaintiffs sued as husband and wife to recover damages alleged to have been caused by the negligent treatment of the wife by the defendant, who was a practicing dentist. The cause was tried before a jury, which rendered a general verdict in the sum of six thousand dollars, and from the judgment following the verdict the defendant has appealed.

The charge of negligence is based upon the claim that in giving to his patient a hypodermic injection following the extraction of two of her teeth the defendant failed to sterilize the hypodermic needle and used impure water in the morphine solution.

The facts of the case are that Mrs. Dimock had been suffering for a number of years from imperfect teeth, and that on January 23, 1923, defendant, at her request, performed an operation, extracting two teeth which were imbedded and one of which was badly infected. On the evening of the same day defendant called at the home of his patient and cleansed the cavities, thereafter administering a hypodermic injection to ease the pain from which she was suffering. This was repeated on the following morning and again on the following afternoon. The manner of administering this hypodermic injection on the afternoon of January 24th is the basis of plaintiff's charge of negligence. It is claimed that the defendant used an ordinary bulb syringe to cleanse the

cavities from which the teeth had been extracted, previously having mixed in a glass a solution of warm water and salt; that after he had used the syringe in cleansing one of the cavities he immersed the syringe in the water again and cleansed the other cavity, and thereafter called for a spoon, with which he dipped a small portion of the water from the glass, using this to dissolve the morphine tablet. The hypodermic needle was then filled with this solution and injected into the right forearm of the patient.

A small red blot soon appeared at the point of injection, and this continued to increase in size until it was found that the patient was suffering from infection throughout the arm, and incisions were made and drains inserted for the purpose of eliminating the toxins.

There is conflict in the testimony as to whether or not defendant inserted the syringe in the glass after having used it in the infected cavities of Mrs. Dimock's mouth, but we must accept the testimony which supports the verdict, and the record contains testimony from which the jury was justified in finding that the defendant had been negligent.

The main contention of appellant is that even though negligence is shown against the defendant, nevertheless there is no evidence to establish this asserted negligence as the proximate cause of the injury. It is true that several of the expert witnesses, while admitting the improper preparation of the hypodermic, if prepared in the manner heretofore stated, were unable to state whether the infection was caused by this act or by some other cause, such as being carried in the blood from the infected cavities of the teeth. However, we find the testimony of Dr. Savage appearing in the record as follows: "That is all I can say. I would assume that hypodermic having been used with the result almost immediate, that the infection was due to the hypodermic injection." Upon cross-examination he testified that the infection in the mouth might operate as a predisposing cause of infection if the tissue was subject to any unusual trauma or injury. Dr. Sellew was asked to state his opinion of the cause of the infection in the arm and stated: "The introduction of infection into the skin at that point would be the most logical reason. It would be far-fetched to seek for any other source of infection" and other similar statements. Dr. Garcelon, testifying for defendant, admitted that it was not possible to

determine, absolutely, the source of the infection in a case like the instant one, but that it was "purely and simply a question of weighing probabilities."

The record also contains testimony by plaintiff's nurse that after plaintiff developed this infection the defendant said to the nurse: "I wonder if Mrs. Dimock will ever forgive me for wrecking her arm"; and that on another occasion he said: "That looks like bad technic."

[1] If the rule of law is as contended for by defendant and appellant, and it is necessary to demonstrate conclusively and beyond the possibility of a doubt that the negligence resulted in the injury, it would never be possible to recover in a case of negligence in the practice of a profession which is not an exact science.

[2] Appellant also contends that the plaintiff did not plead as negligence the use of an unsterilized glass containing unsterilized water and the use of an unsterilized spoon, and that these matters were asserted by plaintiff's witnesses to be contributing factors in the infection. It would seem that the pleading was broad enough to cover the matter, for it is alleged that the solution injected was prepared from water which was "highly septic and contaminated with germs or bacteria."

[3] We find no merit in the objections urged by appellant to some of the instructions given to the jury. One of the instructions of which complaint is made is, in effect, substantially the same as an instruction given in *Scally* v. *Garratt & Co.*, 11 Cal. App. 138 [104 Pac. 325], which was there held not to be error, and is different in language and effect from the instruction criticised in *Saylor* v. *Taylor*, 42 Cal. App. 474 [183 Pac. 843]. We are cited to no authority for the objections made to the other instructions, and if such objections have any merit, in theory, nevertheless the matters complained of could not have been prejudicial to appellant under the facts of this case.

There is no other question raised which merits discussion and the judgment appealed from is affirmed.

Shenk, J., Richards, J., Seawell, J., Preston, J., Curtis, J., and Waste, C. J., concurred.