## Wheaton *v.* Rubin, Appellant.

Argued October 7, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Philip H. Strubing,* with him *Evans, Bayard & Frick,* for appellant.

*Abraham Levin,* for appellee.

OPINION BY RENO, J., March 15, 1948:

Appellant, a dentist, extracted some of plaintiff's teeth and agreed to furnish upper and lower dentures for $125 which plaintiff paid. The lower denture was satisfactory but the upper plate did not fit or function properly. From the beginning it caused gagging; it clicked against the lower denture when plaintiff talked and made talking difficult; it fell down when he was eating and made eating difficult or impossible; and once while plaintiff was eating soup it became loose and lodged in his throat. Even with the use of a powder supplied by appellant, and after several adjustments and a replacement the functional qualities of the plate remained defective. Plaintiff secured a satisfactory denture from another dentist for $70, and he sued for and recovered a verdict for that amount. From the refusal of the court below to grant him judgment n. o. v. or a new trial the dentist appealed.

At the trial appellant did not deny that the denture was defective. He defended principally upon the ground that plaintiff had failed to co-operate with him. In this court he contended that as a professional practitioner he was required to exercise only the degree of skill ordinarily exercised by his profession generally, and that his culpability under that standard of duty could be established only by expert testimony.

Whether or not plaintiff properly and sufficiently co-operated with appellant in the making and adjustment of the denture, a process which obviously calls for close, constant, and active co-operation of the patient with the dentist, was the critical and controlling factual question. This was submitted to the jury in a charge which upon the printed record perceptibly leans to appellant's side, and since the jury's verdict is predicated upon an appraisal of conflicting evidence its determination of that issue of fact is final.

The standard of duty resting upon appellant was explained to the jury in this way: "It is for you to say

if the teeth were made in an unworkmanlike manner, unfitted for the purpose for which false teeth are intended, and that is that they shall be made in a reasonably workmanlike, competent fashion, suitable for the purpose for which they are provided. If this set of teeth was totally lacking in the fit and conformation that a competent, careful and reasonably skillful dentist would make them, the plaintiff had a right to have them replaced and to seek at your hands the cost of the replacement." No exception was taken to the charge and there was no request for further or more specific instructions. In the circumstances, no fundamental error appearing, the charge must be deemed adequate. The court had before it an allegation that an appliance had been improperly manufactured, not a charge of malpractice, and it was not error to describe the quality of the service required to be rendered under the agreement as "workmanlike." After all, "workmanlike" is merely another way of defining a degree of skill, and when applied to an article produced mechanically or manually is peculiarly appropriate.

As stated, malpractice, as that word is generally understood in the law, was not alleged. It was not claimed that the denture caused abrasions of the gums, soreness of the mouth, pain or other ailments. The claim was founded upon the denture's alleged functional defects, and whether or not the appliance was fit for the purpose for which it was intended could have been determined without expert testimony. All the dentists in the world unanimously swearing that the plate was made by the exercise of that degree of care and skill ordinarily possessed by dentists generally would not alter or refute the fact, virtually conceded by appellant, that the denture did not fulfill the reasonable functional requirements expected of such an appliance. Actually, however, the issue presented at the trial did not directly relate to the allegation that the denture was defective; that allegation was not denied by appellant at any point in

his testimony; consequently the only vital question for the jury to decide was whether the defects were due to plaintiff's failure to co-operate; and on that question it is not conceivable that expert testimony would have been available even if it were relevant and admissible.

Judgment affirmed.