20948

Beulah Mae MILLIGAN, Respondent, v. WINN-DIXIE RALEIGH, INC. and Southern Finance Company, Inc., Defendants, of whom Winn-Dixie Raleigh, Inc. is Appellant.

(254 S. E. (2d) 798)

*W. Harvey Brockinton, Jr.,* of *Brockinton, Brockinton & Smith,* Charleston, and *Douglas L. Hinds,* of *Grimes, Hinds & Cowan,* Georgetown, *for appellant.*

*Kenneth W. Thornton, Jr.,* Georgetown, *for respondent.*

May 1, 1979.

GREGORY, Justice:

Respondent Beulah Mae Milligan brought this action against Southern Finance Company, Inc. and appellant Winn-Dixie Raleigh, Inc. to recover damages for personal injuries. The jury awarded Mrs. Milligan seven thousand five hundred ($7,500) dollars actual damages. We reverse.

On August 8, 1977 at approximately 9:00 a. m. Mrs. Milligan walked from her home in Georgetown to a nearby Winn-Dixie Grocery Store. The grocery store is located in a small shopping center owned by Southern Finance Company, Inc. The shopping center consists of four stores which are arranged side-by-side. A covered concrete sidewalk runs in front of the four stores.

Mrs. Milligan entered the shopping center and walked along the sidewalk toward the Winn-Dixie store. Just outside the entrance to the Winn-Dixie store, Mrs. Milligan slipped and fell onto the concrete sidewalk, sustaining personal injuries. She initiated this action on October 25, 1977.

Southern Finance Company, Inc. was granted a nonsuit at the close of Mrs. Milligan's case. Mrs. Milligan did not appeal this order. Winn-Dixie's motion for a nonsuit was denied. Winn-Dixie presented no defense and moved for a directed verdict. This motion was also denied and the case was submitted to the jury. A verdict was returned for Mrs. Milligan and all of Winn-Dixie's post trial motions were denied. This appeal by Winn-Dixie followed.

The evidence presented in this case consists of the testimony of the respondent, her husband Vaughn Milligan, and their daughter Nina Bouchette. As stated earlier, no evidence was introduced by Winn-Dixie.

Mrs. Milligan testified that as she approached the Winn-Dixie store she stepped into a clear watery-looking substance that had leaked from a trash can and run across the

sidewalk in a path approximately one and one-half feet wide. She testified that upon stepping into this substance her feet went out from under her and she fell to the sidewalk in a sitting position. She further testified that after falling she discovered the substance was not water but was a thick clear oil. On direct examination Mrs. Milligan stated she did not know how long the oil had been on the sidewalk.

Neither Mr. Milligan nor Ms. Bouchette witnessed the incident and neither was able to testify as to the presence of the oil on the sidewalk at any time prior to Mrs. Milligan's accident.

Mrs. Milligan's accident occurred on the common sidewalk that runs in front of the shopping center. Although there is no evidence in the record to support the inference that Winn-Dixie either controlled the portion of the common sidewalk outside its store or placed the trash can on the sidewalk, we assume *arguendo* that Winn-Dixie was responsible for maintaining both the sidewalk and the trash can.

"It has long been the law in South Carolina that a merchant is not an insurer of the safety of his customer but owes them only the duty of exercising ordinary care to keep the premises in reasonably safe condition. The negligence which must therefore be proved by the plaintiff may be proved under our cases by showing (1) that the material causing the fall was placed on the floor through an agency of the store, or (2) that the merchant had actual or constructive notice of the presence of the material on the floor and failed to remove it. *Gilliland v. Pierce Motor Company*, 235 S. C. 268, 111 S. E. (2d) 521 (1959); *Hunter v. Dixie Home Stores*, 232 S. C. 139, 101 S. E. (2d) 262 (1957); *Anderson v. Belk-Robinson Company*, 192 S. C. 132, 5 S. E. (2d) 732 (1939). Constructive notice may be proved by showing that the material had been on the floor sufficiently long that the defendant was negligent in failing to discover and remove

it. *E. g., Hunter v. Dixie Home Stores, supra." Pennington v. Zayre Corporation,* 252 S. C. 176, 165 S. E. (2d) 695 (1969).

Mrs. Milligan does not contend the presence of the oil on the sidewalk was attributable to an agency of Winn-Dixie. Neither does she contend that Winn-Dixie had actual notice of the presence of the oil on the sidewalk. Thus, Mrs. Milligan is entitled to recover only upon a showing that the oil had been on the sidewalk long enough to charge Winn-Dixie with constructive notice of its presence. Although the testimony clearly shows the oil was on the sidewalk when Mrs. Milligan fell, there is no evidence in the record that the oil was on the sidewalk at any time prior to Mrs. Milligan's fall. To hold on this record that the oil had been on the sidewalk long enough to charge Winn-Dixie with constructive notice of its presence would be pure speculation. *Pennington v. Zayre Corporation, supra; Gilliland v. Pierce Motor Company, supra.*

At the close of Mrs. Milligan's case, Winn-Dixie moved for a nonsuit. The basis of a motion for a nonsuit under Circuit Court Rule 76 is that there is no evidence to support an alleged cause of action. *Title Insurance Company of Minnesota v. Christian,* 267 S. C. 71, 226 S. E. (2d) 240 (1976). Here, since there is a total absence of any evidence to charge Winn-Dixie with notice of the presence of the oil, there is no evidence to support Mrs. Milligan's cause of action.

Accordingly, the order of the lower court denying appellant's motion for a nonsuit is reversed, and the case remanded for entry of judgment in favor of appellant.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.