21097

Thomas KEMMERLIN, Jr., as Trustee for O'Neal Plumbing Company, Inc., Appellant, v. Jack O. WINGATE, Jack Peterson Wilson, Wingate and Peterson, CPA's, Jack O. Wingate, CPA and Wingate and Elmore, CPA's, Respondents.

(261 S. E. (2d) 50)

*David P. Cole,* of *Arnold, Iseman & Cole,* Columbia, *for appellant.*

*Donald V. Richardson* and *Charles E. Carpenter, Jr.* of *Richardson, Plowden, Grier & Howser,* Columbia, *for respondents.*

December 17, 1979.

NESS, Justice:

An involuntary nonsuit was rendered against appellant O'Neal Plumbing Company, Inc., in an accountants' malpractice action charging negligent performance by respondent Wingate. We affirm.

In the early 1960's, O'Neal employed Wingate to perform certain accounting services. Wingate and his successors, through their agents, servants and employees, prepared the corporation's financial statements and tax returns through the 1973 tax year. The appellant corporation went into bankruptcy in 1976.

O'Neal instituted this action alleging respondents had performed their services so negligently as to cause substantial loss to the corporation and its shareholders. A subsequent motion to amend the complaint to assert an additional cause of action for breach of warranty was denied. At the end of appellant's case, the trial court granted respondents' motion for an involuntary nonsuit on several grounds including appellant's failure to show either the standard of care applicable to professional accountants or any damages proximately caused by respondents' acts or omissions.

Appellant first excepts to the trial court's denial of his motion to amend the complaint. Amendments to pleadings after the expiration of the period provided in § 15-13-910, Code of Laws of South Carolina (1976), are within the sound discretion of the trial court. *S. C. State Highway Dept. v. Rural Land Co., Inc.,* 250 S. C. 12, 156 S. E. (2d) 333 (1967) ; *Morgan v. Liberty Mutual Ins. Co.,* 261 F. Supp. 709 (D. S. C. 1966). We find no abuse here.

Appellant next asserts the trial court erred in granting respondents' motion for an involuntary nonsuit. We disagree.

The burden of proof of the requisite standard of care and the causal relationship between the defendant's negligence and the plaintiff's injuries is upon the plaintiff in a professional negligence action. *Steeves v. U. S.,* 294 F. Supp. 446 (D. S. C. 1968); *Armstrong v. Weiland,* 267 S. C. 12, 225 S. E. (2d) 851 (1976). The standard of care applicable to accountants is "the same as those applied to . . . , doctors, . . . and other professional men . . . furnishing skilled services for compensation," and that standard requires reasonable care and competence therein. *Gammel v. Ernst & Ernst,* 245 Minn. 249, 72 N. W. (2d) 364, 367, 54 A. L. R. 2d 316, 321 (1955). Reasonable care and competence in this context means "that they will render their services with that degree of skill, care, knowledge, and judgment usually possessed and exercised by members of that profession in the particular locality, in accordance with accepted professional standards and in good faith without fraud or collusion." Annot., 92 A. L. R. 3d 396, 400 (1979).

Since this is an area beyond the realm of ordinary lay knowledge, expert testimony usually will be necessary to establish both the standard of care and the defendant's departure therefrom. *Cf. Green v. Lillieewood,* 272 S. C. 186, 249 S. E. (2d) 910 (1978); *Burke v. Pearson,* 259 S. C. 288, 191 S. E. (2d) 721 (1972). Juries must be informed of the criteria upon which a defendant's conduct is to be judged.

Combing the record before us, *Talon v. Seaboard Coast Line Railroad Company,* 270 S. C. 362, 242 S. E. (2d) 418 (1978), we find no evidence tending to establish either the standard of care applicable to respondents or any damages proximately caused O'Neal by their alleged negligent acts or omissions. Respondents' motion for an involuntary nonsuit was properly granted.

Affirmed.

LEWIS, C. J., and LITTLEJOHN and RHODES, JJ., concur. GREGORY, J., not participating.