21192

Charles F. HANSELMANN, as Administrator of the Estate of Sommai Hanselmann, Appellant, v. Dr. Robert J. McCARDLE, Dr. Charles S. Bryan, Carmelisa Edwards, Flonnie Brooks, Dr. Hoke F. Henderson, The Columbia Clinic, P. A., and The Columbia Surgical Associates, P.A., Respondents, and Dr. Charles S. Bryan and The Columbia Clinic, P. A., Respondents-Appellants.

(267 S. E. (2d) 531)

*W. Ralph Garris*, of *Garris & Garris*, Columbia, *for appellant*.

*McKay, Sherrill, Walker & Townsend*, Columbia, *for respondents McCardle, et al.*

*A. Camden Lewis*, of Barnes, *Austin & Lightsey*, Columbia, *for respondents Brooks et al.*

*Robinson, McFadden, Moore & Pope*, Columbia, *for respondent Henderson*.

*Richardson, Plowden, Grier & Howser*, and *Whaley, Mc-Cutchen & Blanton*, Columbia, *for respondents-appellants*.

*Joel D. Bailey*, Beaufort, *for S. C. Trial Lawyers Ass'n, amicus curiae*.

June 2, 1980.

NESS, JUSTICE:

This is an action for malpractice instituted by the husband of Sommai Hanselmann, deceased, as administrator against the surgeon, Dr. Robert J. McCardle, internist, Dr. Charles S. Bryan, pathologist, Dr. Hoke F. Henderson, lab technician, Carmelisa Edwards, and lab assistant, Flonnie Brooks. The trial court granted an involuntary nonsuit as to all respondents. We affirm.

On May 25, 1978, Mrs. Hanselmann was admitted to Richland Memorial Hospital under Dr. McCardle's care. Numerous tests were performed, but no positive diagnosis of the cause of Mrs. Hanselmann's hemoptysis was made at that time. When her coughing subsided, she was released from the hospital and referred to Dr. Bryan.

She suffered a relapse in mid-June, but failed to return to the hospital or contact Dr. Bryan. On July 1, the lab technician observed a positive sputum culture indicative of tuber-

culosis and reported this to Dr. McCardle's office. Neither Dr. McCardle nor any other member of his professional association received the message.

On July 22, Mrs. Hanselmann went to Dr. Bryan's office where additional x-rays were taken. Two days later she was re-admitted to Richland Memorial. While there, she suffered cardiac arrest and died on July 29.

Appellant asserts the trial court erred in granting respondent's motion for involuntary nonsuit. We disagree.

The effect of a motion for nonsuit admits the truth of the evidence of the party against whom the challenge is made and all inferences reasonably drawn therefrom and requires that the evidence must be interpreted most strongly against the challenger and in the list most favorable to the opposing party. *Fielding Home for Funerals v. Public Savings Life Ins. Co.,* 271 S. C. 117, 245 S. E. (2d) 238 (1978).

Assuming without deciding respondents or their agents were negligent in failing to properly communicate or act upon the results of the sputum culture, we find no evidence from which a jury could reasonably infer "but for" [1] that error Mrs. Hanselmann's disease could have been properly diagnosed and treated and her death averted. It is incumbent on the plaintiff in a medical malpractice action to establish proximate causes as well as negligence. *Armstrong v. Weiland,* 267 S. C. 12, 225 S. E. (2d) 851 (1976); *Bessinger v. DeLoach,* 230 S. C. 1, 94 S. E. (2d) 3 (1956). 1 ALR (2d), Medical Malpractice, Cases and Annotations, § 28, p. 137. "Negligence is not actionable unless it is a proximate cause of the injuries, and it may be deemed a proximate cause only when without such negli-

---

[1] It is not intended by these words to change the present rule as to proximate cause as enunciated in *Hughes v. Children's Clinic,* 269 S. C. 389, 398, 237 S. E. (2d) 753 (1977). We conclude solely on the basis of this record, appellant has not met his burden of showing actionable negligence which was a concurring proximate cause of an injury to the appellant.

gence the injury would not have occurred or could have been avoided." *Hughes v. The Children's Clinic, P.A.,* 269 S. C. 389, 398, 237 S. E. (2d) 753, 757 (1977); *Gunnels v. Roach,* 243 S. C. 248, 133 S. E. (2d) 757 (1963).

A plaintiff must plead and *prove* not only that he has been injured and the defendant's fault, but also the causal connection between the two. 1 ALR (2d), Medical Malpractice, Cases and Annotations, § 1, p. 46. We hold there is no evidence from which a jury could reasonably infer respondent's negligence was the proximate cause of Mrs. Hanselmann's death. The appellant failed to sustain his required burden of proof and respondents' motions for involuntary nonsuit were properly granted. *Kemmerlin v. Wingate,* S. C., 261 S. E. (2d) 50 (1979); *Albright v. Powell,* 113 Ga. App. 363, 147 S. E. (2d) 848 (1966); *Grier v. Phillips,* 230 N. C. 672, 55 S. E. (2d) 485 (1949).

Appellant also asserts the trial court erred in refusing to permit Dr. Heaphy to testify. We disagree. In addition to the failure to comply with Rule 8, Section 7 of the Rules of this Court, we hold the trial judge properly exercised his discretion in refusing to qualify Dr. Heaphy as an expert. *Collins v. A. C. L. R. R. Co.,* 183 S. C. 284, 190 S. E. 817 (1937); *McClown v. Muldrow,* 91 S. C. 523, 74 S. E. 386 (1912). By his own admission, he was a manic depressive. He had lost his hospital privileges in his home town in North Carolina and had surrendered his teaching privileges at a state medical school. We do not believe he would have been competent to testify even if he had been a South Carolina physician.

Our holding renders a consideration of appellant's remaining exceptions unnecessary.

Affirmed.

LEWIS, C. J., LITTLEJOHN and GREGORY, JJ., and DAVID W. HARWELL, Acting Associate Justice, concur.