21336

Julie K. MACK, Appellant, v. James Ronald WEST and Jean K. Peeler, Respondents.

(272 S. E. (2d) 631)

*H. Jackson Gregory*, of *Holler & Gregory*, Columbia, *for appellant*.

*Thomas Kemmerlin, Jr.*, of *Belser, Kemmerlin, Ravenel & Smith*, and *William B. Woods*, of *Berry, Dunbar, Gibbes & Woods*, Columbia, *for respondents*.

December 1, 1980.

LITTLEJOHN, Justice:

The plaintiff-appellant, Julie K. Mack, brought this action based on alleged negligence against defendants, Ronald James West and Jean K. Peeler, for damages arising out of a three-car wreck. The trial judge granted a nonsuit to Peeler. Thereafter, the jury returned a verdict adverse to the plaintiff and in favor of the remaining defendant, West. Plaintiff appeals, alleging that the judge erred in granting the nonsuit to Peeler, and committed trial errors as relates to the verdict in favor of defendant West.

The incident out of which the action arises occurred on a late afternoon as plaintiff was proceeding along Highway No. 1 near Columbia. She had legally stopped at the inter-

section of Highway No. 1 and LeGrand Road, and prepared to make a left turn, when a Mercury driven by West crashed into the rear of the car she was operating. The Cadillac which Peeler was driving simultaneously, or almost simultaneously, struck the West Mercury. It is the contention of the plaintiff that both West and Peeler were driving too fast for conditions, following too closely, and failing to keep a proper lookout.

We first discuss the granting of the nonsuit.

At the time the trial judge granted Peeler's motion for a nonsuit, evidence as follows had been submitted:

(1) Plaintiff saw West rapidly approaching in her rear view mirror just before the impact;

(2) Plaintiff felt only one impact; and

(3) Following the collision, West's vehicle was against the rear of plaintiff's vehicle and Peeler's vehicle was against the rear of West's vehicle.

The motion for nonsuit as to Peeler was granted by the trial judge on the grounds that the evidence was insufficient to show that Peeler was guilty of any negligence proximately causing damages to plaintiff.

We agree with the trial judge that no inference of negligences arises from the mere fact of injury and that the plaintiff has the burden of producing evidence tending to show some breach of duty. However, viewing the evidence in the light most favorable to the opposing party (plaintiff here), we think that reasonable men might disagree as to whether Peeler was or was not guilty of actionable negligence. *Hanselmann v. McCardle,* S. C., 267 S. E. (2d) 531 (1980). It is inferable that the Peeler vehicle struck the West vehicle simultaneously with West's striking of the plaintiff's vehicle. The circumstantial evidence together with the direct evidence was sufficient to make a jury issue as to Peeler. Reasonable inferences to be drawn from the whole of the testimony were

that Peeler failed to keep a proper lookout, drove too fast and/or followed too closely. Accordingly, the case must be remanded for a new trial.

As to the contention of the plaintiff that the judge erred in handling the case insofar as it relates to West, we have examined the record and conclude that no error of law appears. The jury simply decided the issues contrary to plaintiff's contentions. No error of law appears and no matter of precedent is involved, and accordingly the appeal as relates to West is dismissed under our Rule 23.

The case is remanded to the trial court for disposition in the usual fashion, with Mack as plaintiff and Peeler, only, as defendant. Right to plead over in light of our ruling should be granted.

Affirmed in part; reversed in part; and remanded.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.