21485

SOUTHEASTERN MOBILE HOMES, INC., Appellant, v. Donald V. PITTMAN and Dorothy Pittman, Respondents.

(279 S. E. (2d) 371)

*J. Michael Galloway*, of *Gamble & Galloway*, Anderson, *for appellant.*

*William J. Barnes*, of *Law Offices* of *Julius B. Aiken*, Greenville, *for respondents.*

June 9, 1981.

HARWELL, Justice:

Appellant Southeastern Mobile Homes, Inc. commenced an action for claim and delivery of a new mobile home against the respondents Pittman who requested a preseizure hearing on the matter. Prior to the requested hearing the parties agreed to a consent order which allowed Southeastern to take possession of the mobile home and which also allowed the parties to file new pleadings in the suit. Thereafter, appellant filed an amended complaint seeking a deficiency judgment from the respondents. The Pittmans in turn answered and counterclaimed for, *inter alia,* a rescission of the mobile home sales agreement.

During trial below, the trial judge granted the respondents' motion for involuntary nonsuit as to Southeastern's claim for a deficiency. The counterclaim for rescission went to the jury; the jury returned its verdict for the Pittmans on this claim. Southeastern's motions for an involuntary nonsuit, a directed verdict and for judgment *non obstante veredicto* were all denied. Southeastern contends that the trial judge erred as to all these matters. We disagree.

> It is axiomatic that appellant's motions for judgment as a matter of law could be properly granted only if the counterclaim for rescission had not been

made out or if no jury issue had been presented. *Mack v. West*, S. C., 272 S. E. (2d) 631 (1980) ; *Jamison v. Howard*, S. C., 271 S. E. (2d) 116 (1980). Here, the respondents presented testimony that the mobile home was improperly installed, had a leaking roof, had water damaged carpet which emitted a mildew odor and was separated in places, had split paneling in two rooms and was caved in in places. In addition, the respondents testified that Southeastern's representative promised to have storm windows, electricity and plumbing installed, to have the home decorated, and to furnish a certain make of refrigerator. These promises were not fulfilled . The Pittmans' efforts to resolve the problems over a period of several weeks proved futile. Thereafter they allowed the installment payments to go into default. These actions then ensued. We find ample testimony in the record supporting respondents' theory of a cause of action and appellant was not otherwise entitled to judgment as a matter of law since more than one inference could be drawn from all the evidence.

Southeastern also alleges that the trial judge erred by nonsuiting its claim for a deficiency judgment. Since the jury returned a verdict for the Pittmans on their counterclaim for rescission of the contract, Southeastern no longer has a basis to pursue a claim based upon a now defunct contract. The allegation of error is therefore without merit.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.