0487

DORCHESTER COUNTY and Moultrie Investors, Respondents, v. Joe Henry BRANTON, Jr. and Gertrude K. Branton, Appellants.

(331 S. E. (2d) 377)

Court of Appeals

*Peter F. Them, II*, Summerville, *for appellants.*

*James A. Bell*, St. George, *for respondent Dorchester County.*

*Howard C. Prettyman, Jr.*, of Summerville, *for respondent, Moultrie Investors.*

Submitted April 18, 1985.

Decided May 31, 1985.

SANDERS, Chief Judge:

Respondent Dorchester County brought this action against appellants Joe Henry Branton, Jr. and Gertrude K. Branton, to determine whether it could reopen a road which abutted their property located in a subdivision known as Woodland Estates. Moultrie Investors, an intervenor who has allied itself on appeal with the county, owns several lots within the subdivision. Judgment was entered for the county. The Brantons do not appeal from the order of judgment. Instead, they appeal from the denial of a motion which they made at the end of the county's case. (As hereafter discussed, we treat this motion as one for involuntary nonsuit.) We affirm.

This case comes to us in a somewhat awkward posture. According to the Transcript of Record, the Brantons characterized their motion to the trial judge as a motion for "a directed verdict." The Statement of the Case

says their motion was made for "a directed verdict — voluntary Non-Suit (sic)." In their single exception on appeal, they call their motion "a motion for a directed verdict and/or voluntary non-suit (sic)." Neither a motion for a directed verdict nor a motion for a voluntary nonsuit was proper under the circumstances. Because this case was tried by a judge alone without a jury, there was no jury for the judge to direct. The Brantons could hardly have made a motion for a voluntary nonsuit of the action brought against them by the county. Nevertheless, so that the Brantons will not be prevented from having their argument on appeal addressed on its merits, we will overlook this semantic lapse and treat their motion as having been properly made for involuntary nonsuit of the case pending against them.

In deciding a motion for involuntary nonsuit the evidence and all reasonable inferences which can be drawn from it must be viewed in the light most favorable to the non-moving party. *Emerson v. Powell*, 283 S. C. 293, 321 S. E. (2d) 629 (Ct. App. 1984). Unless there is no evidence to support the alleged cause of action, the motion must be denied. *Milligan v. Winn-Dixie Raleigh, Inc.*, 273 S. C. 118, 254 S. E. (2d) 798 (1979).

The evidence here can be summarized as follows. According to the Statement of the Case in 1956 certain real estate developers subdivided a tract of land located near Summerville and named it Woodland Estates. A plat of the subdivision, dated that year and recorded in the office of the Clerk of Court for the county, was introduced in evidence. The plat sets out lots within the subdivision and roads abutting the lots. The road in question is shown as separating the lots on the southeastern side of the subdivision from South Carolina Highway 61. All of the roads are shown in a generally similar way, except that the road in question is not shown on the plat as having a name. There was testimony it was "always called" the Woodlands Estates Frontage Road. The exact dimensions of the roads in the subdivision are not shown on the plat, but there was testimony that the rights-of-way are 50 feet in width and the actual roads are 25 to 30 feet wide.

There was further testimony that the county maintained both the road in question and the other roads in the subdivi-

sion until county employees closed a portion of it through error approximately five years before the trial of this case. In addition, there was testimony that residents of the subdivision, members of the general public, school buses, electric power company trucks, and telephone company trucks used the closed portion of the road prior to its being closed.

It is generally held that when land is subdivided and ■ platted into lots and roads and the lots are sold and conveyed with reference to the plat, the roads are thereby dedicated to the use of the public as well as to the lot owners and their successors in title. *E.g., Blue Ridge Realty Co. v. Williamson,* 247 S. C. 112, 145 S. E. (2d) 922 (1965). The Brantons' single exception on appeal questions only whether the subdivision plat sufficiently delineates the road in question.[1] They argue that it does not and, for this reason, the trial judge erred in denying their motion. We reject this argument.

The run of the road in question, parallel to South Carolina Highway 61, is shown clearly on the subdivision plat. The fact that the public used the road and the county maintained it, as it is shown on the plat, is evidence of its dedication. Although the width of the road is not specified by the plat, neither are the widths of the other roads in the subdivision specified. There was direct evidence as to the width of all the roads in the subdivision and it appears from the plat that all of the roads have the same widths. Similarly, the length of the road is not specified on the plat; but the measurements of the lots abutting it are specified and its length can be readily determined by adding the front measurements of these lots. It is of no consequence that the plat does not show the road in question as having a name. *See Cason v. Gibson,*

---

[1] The Brantons do not argue on appeal, as they did before the trial judge, that there was no evidence that the county accepted the dedication of the road in question. Nor do they take exception to the rejection of this argument by the trial judge. For this reason, we do not address the question of whether there was an acceptance by the county of the dedication. *See Mishoe v. Atlantic Coast Line R. Co.,* 186 S. C. 402, 422, 197 S. E. 97, 106 (1938) (appellate courts in this state are "confined to a disposition of appeals upon the exceptions taken . . ."); *Langley v. Boyter,* _____ S. C. _____, 325 S. E. (2d) 550, 561 (Ct. App. 1984) ("More simply put, appellate courts in this state, like well-behaved children, do not speak unless spoken to and do not answer questions they are not asked.").

217 S. C. 500, 61 S. E. (2d) 58 (1950) (plaintiff was held to have a private easement in a street which was described in a plat referred to in the deed to his property, although the street was unnamed on the plat).

Accordingly, the judgment of the trial court is

Affirmed.

SHAW and GOOLSBY, JJ., concur.