0530

Barbara CARVER, Executrix of The Estate of David J. Carver, Appellant, v. MEDICAL SOCIETY OF S. C., a/k/a Roper Hospital, Peter Hairston, M.D., and L. D. Voegele, M.D., Respondents.

and

Barbara CARVER, Appellant, v. MEDICAL SOCIETY OF S. C., a/k/a Roper Hospital, Peter Hairston, M.D., and L. D. Voegele, M.D., Respondents.

(334 S. E. (2d) 125)

Court of Appeals

*H. Carlisle Bean,* Spartanburg, and *B. Allston Moore, Jr.,* Charleston, *for appellant.*

*Thomas Dewey Wise, J. Rutledge Young, Jr., William H. Grimball* and *Robert H. Hood,* Charleston, *for respondents.*

Heard June 24, 1985.

Decided Aug. 5, 1985.

GOOLSBY, Judge:

These consolidated actions involve allegations of medical malpractice and loss of consortium. Barbara Carver, individually and as executrix of the Estate of David J. Carver, deceased, appeals from the order of the trial court granting the motions for involuntary nonsuit made at trial by the respondents the Medical Society of South Carolina, which operates Roper Hospital in Charleston, South Carolina, Peter Hairston, M.D., and L. D. Voegele, M.D. We affirm.

Although Carver raises a number of issues relating to either the admission or exclusion of evidence, we need only address the question of whether the trial court properly granted the respondents' nonsuit motions.

The decedent underwent a heart bypass operation at Roper Hospital in November, 1978. Hairston and Voegele performed the surgery attended by nurses employed by Roper Hospital. The decedent was attached to an electrosurgery machine during the operation. The day after surgery an electrical burn was discovered on the decedent's left buttock. The wound eventually required several surgical procedures and skin grafts to heal.

The decedent and his wife brought these actions alleging the decedent sustained the burn to his buttock as a result of the combined negligence of Roper Hospital, Hairston, and Voegele while he was undergoing surgery. The specifications of negligence involve the use of the electrosurgery machine by Roper Hospital, Hairston, and Voegele and the procedures they employed while the machine was in use.

During the trial, the trial judge refused to admit in evidence an incident report prepared by Roper Hospital personnel eight days after the decedent's surgery. The incident report recited, "We believe the condition developed in this manner: the condition of the [patient] necessitated insertion of intra-aortic balloon in[to] [left] femoral artery. This wound irrigated [with] antibiotic solution. Believed to have pooled under the [patient] causing the electrocautery to arc and ground out [through] the buttocks."

At the close of the Carvers' case, the trial judge granted the motions for involuntary nonsuit made by Roper Hospital, Hairston, and Voegele.

In deciding a motion for involuntary nonsuit, the trial court must consider the evidence and all reasonable

inferences that can be drawn therefrom in the light most favorable to the party opposing the motion and to grant the motion if there is no evidence to support an alleged cause of action. *Hanselmann v. McCardle,* 275 S. C. 46, 267 S. E. (2d) 531 (1980); *Milligan v. Winn Dixie Raleigh, Inc.,* 273 S. C. 118, 254 S. E. (2d) 798 (1979); S. C. Cir. Ct. R. 76.

A plaintiff in a medical malpractice case must establish by expert testimony both the standard of care and the defendant's failure to conform to the required standard, unless the subject matter is of common knowledge or experience so that no special learning is needed to evaluate the defendant's conduct. *Clark v. Ross,* _____ S. C. _____ , 328 S. E. (2d) 91, 101 (Ct. App. 1985); *Botehlo v. Bycura,* 282 S. C. 578, 320 S. E. (2d) 59 (Ct. App. 1984). In addition to proving the defendant negligent, the plaintiff must also prove that the defendant's negligence was a proximate cause of the plaintiff's injury. *Hanselmann v. McCardle, supra; Bessinger v. DeLoach,* 230 S. C. 1, 94 S. E. (2d) 3 (1956). Proof of proximate cause must also be established by expert testimony where either the origin of the injury is obscure and not readily apparent to a layperson or where there are several equally probable causes of the condition. *Welch v. Whitaker,* 282 S. C. 251, 317 S. E. (2d) 758 (Ct. App. 1984). When expert testimony is not relied upon to establish proximate cause, the plaintiff must offer evidence that "rises above mere speculation or conjecture." *Armstrong v. Weiland,* 267 S. C. 12, 16, 225 S. E. (2d) 851, 853 (1976); *Carter v. Anderson Memorial Hospital,* _____ S. C. _____ , 325 S. E. (2d) 78 (Ct. App. 1985).

In our view, the use of an electrosurgery machine during open-heart surgery and the procedures medical personnel should follow when the machine is in operation are not matters within the ambit of common knowledge or experience. Rather, they are matters either involving technical knowledge or requiring special learning. Thus, expert testimony was required to establish these standards and the deviation from them by Roper Hospital, Hairston, and Voegele.

Moreover, we do not agree with Carver that the situation here is not one calling for expert testimony regarding proximate cause. While the injury is obvious, its origin is not. As we view the matter, the burn could have possibly resulted from a

number of causes including a failure of one of the fail-safe devices on the machine.

Here, the record contains no expert testimony establishing either the applicable standard of care or that the burn suffered by the decedent was proximately caused by the alleged negligent acts or omissions of Roper Hospital, Hairston, or Voegele. Without it, the trial judge properly granted the motions for involuntary nonsuit. *See Kemmerlin v. Wingate*, 274 S. C. 62, 261 S. E. (2d) 50 (1979). Even were we also to consider the incident report, our conclusion would be the same.

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.