THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Betty Windham & William K. Windham,       
Appellants,
 
 
 

v.

 
 
 
McLeod Regional Medical Center of the Pee 
 Dee, Inc.,        Respondent.
 
 
 

Appeal From Florence County
James E. Brogdon, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-394
Submitted June 9, 2003  Filed June 
 12, 2003

AFFIRMED

 
 
 
Chalmers Carey Johnson, of Charleston, for Appellants.
Teresat A. Arnold, of Columbia, for Respondent.
 
 
 

 PER CURIAM:   Affirmed 
 pursuant to Rule 220(b)(2), SCACR, and the following authorities: As to all 
 issues: Murray v. Bank of America, N.A., ___ S.C. ___, ___, 580 S.E.2d 
 194, ___ (Ct. App. 2003) (The trial courts decision to deny a motion for new 
 trial absolute is within its discretion and will not be reversed absent an abuse 
 of discretion.); Pike v. S.C. Dept of Transp., 343 S.C. 224, 234, 540 
 S.E.2d 87, 92 (2000) (It is well settled that the admission and rejection of 
 testimony is largely within the trial courts sound discretion.); Hoeffner 
 v. The Citadel, 311 S.C. 361, 365, 429 S.E.2d 190, 192 (1993) (Absent a 
 clear abuse of discretion amounting to an error of law, the trial judges ruling 
 on the admission of evidence will not be disturbed on appeal.); Bishop v. 
 S.C. Dept of Mental Health, 331 S.C. 79, 88, 502 S.E.2d 78, 82 (1998) (To 
 establish a cause of action in negligence, three essential elements must be 
 proven: (1) duty of care owed by defendant to plaintiff; (2) breach of that 
 duty by a negligent act or omission; and (3) damage proximately resulting 
 from the breach of duty. (emphasis added)); Carver v. Medical Soc. of S.C., 
 286 S.C. 347, 350, 334 S.E.2d 125, 127 (Ct. App. 1985) (Proof of proximate 
 cause must [] be established by expert testimony where either the origin of 
 the injury is obscure and not readily apparent to a layperson or where there 
 are several equally probable causes of the condition.); Armstrong v. Weiland, 
 267 S.C. 12, 16, 225 S.E.2d 851, 853 (1976) (holding when the plaintiff offers 
 no expert testimony to prove proximate cause, the plaintiff must offer evidence 
 that rises above mere speculation or conjecture).
AFFIRMED.[1]
GOOLSBY and HOWARD, JJ., and BEATTY, Acting Judge, 
 concur.

 
 [1] 
 Because oral argument would not aid the Court in resolving any issue on appeal, 
 we decide this case without oral argument pursuant to Rule 215, SCACR.