629 S.E.2d 375

**Linda LEGETTE, Appellant,**

v.

**PIGGLY WIGGLY, INC., Respondent.**

**No. 4105.**

Court of Appeals of South Carolina.

Submitted March 1, 2006.

Decided April 17, 2006.

---

3. We decide this case without oral argument pursuant to Rule 215, SCACR.

B. Scott Suggs, of Florence, and Daphne A. Burns, of Mt. Pleasant, for Appellant.

R. Heath Atkinson, of Florence, for Respondent.

PER CURIAM:

Linda Legette appeals the trial court's grant of summary judgment in favor of Piggly Wiggly in this slip and fall case. We affirm.[1]

## FACTS

Legette went to the Piggly Wiggly grocery store in Marion, South Carolina, on June 19, 2000. As Legette entered the store, it was drizzling rain. While she was inside the store, a period of approximately twenty to twenty-five minutes, the rain increased due to an afternoon thundershower. As she began to exit the store, Legette slipped and fell in some moisture near the store's sliding glass doors. Immediately after her fall, Piggly Wiggly employees helped Legette into a chair and took photographs of her injuries and the scene. The store's owner and manager, Talbert Blackmon, prepared an incident report for its insurer. Legette was seen at the emergency room, and x-rays were negative for any broken bones. She claims to have injured her knee, elbow, thumb, and back in the fall. Eventually, in April 2001, Legette underwent back surgery to repair a disc herniation.

Legette sued Piggly Wiggly, Inc., claiming that the store knew or should have known of the dangerous condition and

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

did nothing to remedy it and that the store failed to provide a safe shopping environment for invitees. The trial court granted Piggly Wiggly's motion for summary judgment, and Legette appeals.

## STANDARD OF REVIEW

"Summary judgment is appropriate when it is clear that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Cafe Assocs. Ltd. v. Gerngross,* 305 S.C. 6, 9, 406 S.E.2d 162, 164 (1991). In determining whether any triable issues of fact exist, the evidence and all the inferences that can be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Redwend Ltd. P'ship v. Edwards,* 354 S.C. 459, 468, 581 S.E.2d 496, 501 (Ct.App.2003). "When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the trial court. . . ." *Fleming v. Rose,* 350 S.C. 488, 493, 567 S.E.2d 857, 861 (2002).

## LAW/ANALYSIS

In order to establish liability in a "slip and fall" case, a plaintiff must show that the defendant either (1) created the defective condition or (2) had knowledge of the dangerous condition and failed to remedy it. *Wintersteen v. Food Lion, Inc.,* 344 S.C. 32, 35, 542 S.E.2d 728, 729 (2001). In the instant case, there is no contention that Piggly Wiggly created the dangerous condition, as Legette argues the floor was slippery from rainwater. Therefore, we are left to consider whether Piggly Wiggly should have known of the dangerous condition and failed to take reasonable steps to remedy it. It is well settled that merchants are not required to continuously inspect their floors for foreign substances. *Olson v. Faculty House of Carolina, Inc.,* 354 S.C. 161, 166, 580 S.E.2d 440, 442 (2003). A merchant owes [customers] only "the duty of exercising ordinary care to keep the premises in reasonably safe condition." *Milligan v. Winn–Dixie Raleigh,* 273 S.C. 118, 120, 254 S.E.2d 798, 799 (1979).

In *Young v. Meeting Street Piggly Wiggly,* 288 S.C. 508, 512, 343 S.E.2d 636, 638 (Ct.App.1986), this court concluded that the addition of mats at a store's entrance, the periodic mopping of the area, and the placement of at least one

warning sign were all reasonable steps taken by the store to protect its customers. Customers, as ordinary, prudent persons, should understand the risks posed by rainy conditions. *Id.* The court stated: "Since it is impossible to keep commercial premises entirely free of tracked-in rain during bad weather, a merchant's liability may not be based solely on the presence of moisture." *Id.* at 510, 343 S.E.2d at 637–38.

■ While Blackmon concedes there was moisture on the floor, the record shows that Piggly Wiggly took reasonable precautions to provide safe premises for its customers. Legette testified she did not notice water on the floor prior to her fall. She further testified she did not remember seeing any mats or warning signs at the entry where she fell. However, photographs taken by store employees immediately following Legette's fall show large mats and warning signs in the area. Legette testified she did not recall employees bringing mats or warning cones out to the area *after* she fell or while she was sitting for the photographs. Testimony that contradicts undisputed physical evidence generally lacks probative value. *See Patterson v. I.H. Servs., Inc.,* 295 S.C. 300, 304, 368 S.E.2d 215, 218 (Ct.App.1988) (citing *Lail v. South Carolina State Highway Dep't,* 244 S.C. 237, 136 S.E.2d 306 (1964) for the proposition that "testimony relied upon by plaintiff to establish liability was inconsistent with incontrovertible physical facts and therefore lacked probative value.").

The incident report completed by Blackmon indicated that warning signs were at the entrances to the store. Furthermore, there was testimony from Blackmon regarding the store's inclement weather procedures. This included having employees mop the entry areas as needed and putting out warning signs. According to Blackmon, mats were always in place inside the store at the entryway and were only removed if they became so saturated as to pose a greater danger than the bare floor. Blackmon did not recall the mats being removed on the day of the accident.

Even viewing all the evidence in the record in the light most favorable to Legette, we cannot conclude that summary judgment was inappropriate. Legette testified that she did not see the water before she fell. The inference to be drawn is that the accumulation of water was minimal. Furthermore, Blackmon's testimony, the incident report, and the photo-

graphs all support the conclusion that mats and warning signs were in place at the entrance to the store. The only evidence in the record to refute this is Legette's uncertain testimony.[2] Initially, she claimed no mats or cones were at the door. Then, when confronted with the photographs, she could only be certain that she did not remember seeing them; they might have been there or they might not have been there. Legette also testified that when she fell, she heard Blackmon shouting at one of his employees saying, "why didn't they put out the mats, and why didn't somebody mop up the water." Again, after being confronted with the photographs, Legette's testimony changed. She claimed she did not hear Mr. Blackmon say anything about mats. "I said he said to mop. . . . No, I didn't say mats—mats. I said mop." In light of Legette's vacillating testimony and the other evidence presented, we cannot conclude there was a genuine issue of material fact for the jury's consideration regarding the store's liability.

**AFFIRMED.**

GOOLSBY, HUFF, and STILWELL, JJ., concur.

---

2. In *Felder v. K–Mart Corp.*, 297 S.C. 446, 377 S.E.2d 332 (1989), the court, declining to overturn the jury's verdict, concluded there was a jury issue regarding whether or not the store had taken reasonable measures to protect its customers. The plaintiff claimed there were no mats or warning signs at the store's entrance and that a child slipped on the floor soon after he had fallen. There is no indication in the court's opinion that plaintiff ever wavered from that testimony. The evidence presented on behalf of K–Mart consisted solely of an employee's contradictory testimony.