**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Bruce M. Bryant, Respondent,

v.

John F. Sipsis, Appellant.

Appellate Case No. 2011-182726

---

Appeal From York County
S. Jackson Kimball, III, Master in Equity

---

Unpublished Opinion No. 2013-UP-060
Heard January 8, 2013 – Filed January 30, 2013

---

**AFFIRMED**

---

David B. Sample, of Rock Hill, for Appellant.

Kristie Hannah Jordan, of York, for Respondent.

---

**PER CURIAM:**  Fotios Sipsis (Sipsis) appeals the order of the Master in Equity granting summary judgment to Bruce M. Bryant, as Sheriff of York County (Sheriff), in a vehicle confiscation case.  We agree with the master's finding that no lien was recorded on the vehicle and that there was no evidence of a lien against the title to create a genuine issue of material fact.  We affirm.

As to Sipsis' argument that the master erred in finding that a lien on an automobile must be recorded on the title to be valid, we find that New Jersey statutes require that a lien or security interest at the time of the title's filing must be noted on the title certificate. N.J. Stat. Ann. § 39:10-9 (West 2012). Language on the certificate of title requires that liens be stated on the title. No liens were listed on the title transferring ownership in the vehicle from Sipsis to his son.

As to Sipsis' argument that the master erred in finding that no lien against the title existed as there was not sufficient evidence to create a genuine issue of material fact, we agree with the master that there was no evidence of a lien. The certificate of title did not list any liens and listed the price of the vehicle transferred by Sipsis as a "gift." There was a statement by Sipsis that his son was to pay rent for the vehicle with an option for his son to make payments to purchase the vehicle from Sipsis after the title had been transferred. This statement completely contradicts the title certificate which lists no liens and states the price as a gift. "Testimony that contradicts undisputed physical evidence generally lacks probative value." *Legette v. Piggly Wiggly, Inc.*, 368 S.C. 576, 580, 629 S.E.2d 375, 377 (Ct. App. 2006). We agree with the master and find no evidence that Sipsis retained an equitable interest in the vehicle after transferring it to his son.

As to Sipsis' argument concerning the issue of undue hardship to the vehicle owner's family after forfeiture of the vehicle, this issue was not raised to the master and is not preserved for appellate review. *See State v.Goodwin*, 384 S.C.588, 603, 683 S.E.2d 500, 508 (Ct. App. 2009) (stating that for an issue to be raised for appellate review, it must have been raised and ruled on by the lower court)..

Accordingly, we find that the master did not err in granting summary judgment to Bruce M. Bryant.

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**