**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Finley C. Evans, Appellant,

v.

Roper Hospital, Inc. d/b/a Roper St. Francis Healthcare and d/b/a Roper-St. Francis Home Health, Respondent.

Appellate Case No. 2012-211947

———————

Appeal From Berkeley County
Stephanie P. McDonald, Circuit Court Judge

———————

Unpublished Opinion No. 2013-UP-404
Heard October 10, 2013 – Filed October 30, 2013

———————

**AFFIRMED**

———————

Jordan Christopher Calloway, of McGowan, Hood & Felder, LLC, of Rock Hill, and Christy Marie DeLuca, of Christy DeLuca, LLC, of Mt. Pleasant, for Appellant.

Joseph John Tierney, Jr., Stephen Lynwood Brown, Russell Grainger Hines, and Christine Kent Toporek, all of Young Clement Rivers, LLP, of Charleston, for Respondent.

———————

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to this court's appellate jurisdiction:  Rule 203(b)(1), SCACR ("A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment."); *id.* (providing that when a timely motion to alter or amend the judgment has been made, the time for appeal for all parties shall run from receipt of written notice of entry of the order granting or denying the motion); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 21, 602 S.E.2d 772, 778 (2004) (holding that it is proper to view a motion to alter or amend a judgment pursuant to Rule 59(e), SCRCP, as "a vehicle to seek 'reconsideration' of issues and arguments"); *id.* ("A motion under Rule 59(e) long has been viewed as [a] 'motion for reconsideration' despite the absence of those words from the rule.").

2. As to the directed verdict:  Rule 50(a), SCRCP ("When upon a trial the case presents only questions of law[,] the judge may direct a verdict."); *Watson v. Ford Motor Co.*, 389 S.C. 434, 445, 699 S.E.2d 169, 175 (2010) ("[E]xpert evidence is required where a factual issue must be resolved with scientific, technical, or any other specialized knowledge."); *Hoard ex rel. Hoard v. Roper Hosp., Inc.*, 387 S.C. 539, 547, 694 S.E.2d 1, 5 (2010) ("'Negligence is not actionable unless it is a proximate cause of the injuries, and it may be deemed a proximate cause only when without such negligence[,] the injury would not have occurred or could have been avoided.'" (quoting *Hughes v. Children's Clinic, P. A.*, 269 S.C. 389, 398, 237 S.E.2d 753, 757 (1977)); *Guffey v. Columbia/Colleton Reg'l Hosp., Inc.*, 364 S.C. 158, 163, 612 S.E.2d 695, 697 (2005) (holding that this court will affirm a directed verdict when there is no evidence on any one element of the alleged cause of action); *Melton v. Medtronic, Inc.*, 389 S.C. 641, 663, 698 S.E.2d 886, 898 (Ct. App. 2010) ("The application of the common knowledge exception in proving negligence in a case involving medical malpractice depends on the particular facts of the case." (citation omitted)); *Carver v. Med. Soc. of S.C.*, 286 S.C. 347, 350, 334 S.E.2d 125, 127 (Ct. App. 1985) ("Proof of proximate cause must . . . be established by expert testimony where either the origin of the injury is obscure and not readily apparent to a layperson or where there are several equally probable causes of the condition." (citation omitted)); *id.* ("When expert testimony is not relied upon to establish proximate cause, the plaintiff must offer evidence that rises above mere speculation or conjecture." (citations and quotation marks omitted)).

**AFFIRMED.**

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**