**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lonnie Hamilton, III, and Zoe'Lia L. Culbreath,
Appellants,

v.

301 Auto Parts, LLC, Respondent.

Appellate Case No. 2022-000805

―――――――――

Appeal From Charleston County
Frank R. Addy, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2024-UP-234
Heard June 4, 2024 – Filed July 3, 2024

―――――――――

**AFFIRMED**

―――――――――

Thomas S. Tisdale, Jr., of Law Offices of Thomas S. Tisdale, LLC, of Charleston, for Appellants.

Peter Gunnar Nistad, of The Seibels Law Firm, of Charleston, for Respondent.

―――――――――

**PER CURIAM:** Lonnie Hamilton, III, and Zoe'Lia L. Culbreath (collectively, Appellants) filed a complaint against 301 Auto Parts, LLC, (301 Auto Parts) for (1)

negligence, (2) gross negligence, (3) breach of warranty, and (4) violations of the South Carolina Unfair Trade Practices Act (SCUTPA).[1] Appellants allege the second engine they purchased from 301 Auto Parts caused their Kia to catch fire. Appellants appeal the circuit court's order granting 301 Auto Parts' motion for summary judgment. We affirm.

1. Appellants argue the circuit court erred by finding they required expert testimony to support their claims. We disagree. "The general rule in South Carolina is that where a subject is beyond the common knowledge of the jury, expert testimony is required." *Babb v. Lee Cnty. Landfill SC, LLC*, 405 S.C. 129, 153, 747 S.E.2d 468, 481 (2013). "Conversely, where a lay person can comprehend and determine an issue without the assistance of an expert, expert testimony is not required." *Id.* "Deciding what is within the knowledge of a lay jury and what requires expert testimony depends on the particular facts of the case, including the complexity and technical nature of the evidence to be presented and the trial judge's understanding of a lay person's knowledge." *Id.* at 154, 747 S.E.2d at 481. "Ultimately, due to the fact-specific nature of the determination, it is a question that must be left within the discretion of the trial judge." *Id.* This case deals with the cause of a fire in an engine compartment. Due to the complexity of the evidence presented, including recalls related to specific Kia engine parts, an expert was needed to demonstrate the engine sold by 301 Auto Parts was defective or caused the fire.

2. Appellants argue they provided sufficient evidence to sustain causes of action for (1) negligence and gross negligence, (2) SCUTPA, and (3) breach of warranty. We disagree. "The party seeking summary judgment has the burden of clearly establishing the absence of a genuine issue of material fact." *Bennett v. Inv'rs Title Ins. Co.*, 370 S.C. 578, 588, 635 S.E.2d 649, 654 (Ct. App. 2006). "The moving party may discharge the burden of demonstrating the absence of a genuine issue of material fact by pointing out the absence of evidence to support the nonmoving party's case." *Id.* "Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings. *Id.* at 589, 635 S.E.2d at 654. "The nonmoving party must come forward with specific facts showing there is a genuine issue for trial." *Id.* Here, each cause of action required proof of causation. *See McKnight v. S.C. Dep't of Corr.*, 385 S.C. 380, 386, 684 S.E.2d 566, 569 (Ct. App. 2009) ("Negligence is not actionable unless it is a proximate cause of the injuries, and it may be deemed a

---

[1] S.C. Code Ann. §§ 39-5-10 to -180 (1985 & Supp. 2023).

proximate cause only when without such negligence the injury would not have occurred or could have been avoided." (quoting *Hanselmann v. McCardle*, 275 S.C. 46, 48-49, 267 S.E.2d 531, 533 (1980))); *Brunson v. La.-Pac. Corp.*, 266 F.R.D. 112, 119 (D.S.C. 2010) ("To recover for breach of the implied warranty of merchantability, a plaintiff must prove (1) a merchant sold goods; (2) the goods were not 'merchantable' at the time of sale; (3) the plaintiff or his property were injured by such goods; (4) the defect or other condition amounting to a breach of the implied warranty of merchantability proximately caused the injury; and (5) the plaintiff so injured gave timely notice to the seller."); *Wright v. Craft*, 372 S.C. 1, 23, 640 S.E.2d 486, 498 (Ct. App. 2006) ("To recover in an action under the [SC]UTPA, the plaintiff must show: (1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s).").  In opposing summary judgment Appellants relied upon the following facts: (1) the first engine sold by 301 Auto Parts caught fire in the same manner as the second engine,[2] (2) 301 Auto Part's owner testified that 301 Auto Parts only ran engines to see if they cranked prior to selling the engines, and (3) Kia recalls.  However, Appellants provided no direct or circumstantial evidence that the second engine 301 Auto Parts sold to them caused the fire in their Kia.  Accordingly, we hold Appellants failed to come forward with specific facts showing there is a genuine issue for trial.

**AFFIRMED.**

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[2] Appellants misstate this fact.  During a deposition, Lonnie Hamilton testified that the first engine "had white smoke coming out of its tail pipe."  Kareem Moultrie, who installed the first and second engines, contacted 301 Auto Parts about the problem and it advised him to run certain tests on the engine.  The next day, Kareem told Hamilton that "the engine blew" and was no longer functional.