**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Annie Pelzer, Appellant,

v.

Dolgencorp, LLC d/b/a Dollar General, Respondent.

Appellate Case No. 2024-000491

———

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

———

Unpublished Opinion No. 2025-UP-036
Submitted January 1, 2025 – Filed January 29, 2025

———

**AFFIRMED**

———

Paige B. George and Barry B. George, both of Law
Office of Barry B. George, of Columbia, for Appellant.

Randi Lynn Roberts and Stephen Michael Foster, both of
Lewis Blain & Roberts, LLC, of Columbia, for
Respondent.

———

**PER CURIAM:** In this action for negligence, Annie Pelzer appeals the circuit court's grant of summary judgment in favor of Dolgencorp, LLC d/b/a Dollar General. On appeal, Pelzer argues she established genuine issues of material fact as to Dollar General's notice of a hazardous condition created by a water spill at its

store entrance, its duty to remedy that condition, the breach of its duty, and damage suffered by Pelzer when she slipped and fell. She also asserts the circuit court failed to properly consider her deposition testimony and instead weighed her credibility. We affirm pursuant to Rule 220(b), SCACR.

We hold the two-issue rule precludes this court's consideration of whether the circuit court properly granted summary judgment to Dollar General. The circuit court found Dollar General "satisfied its duty to warn of or eliminate [a] known hazardous condition" by placing a warning sign in the area; however, Pelzer only appeals the circuit court's ruling that Dollar General reasonably remedied the condition and concedes in her appellate brief that Dollar General's "notice of the condition is not an issue," a controlling consideration. Thus, the circuit court's ruling is the law of the case. *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 328, 730 S.E.2d 282, 284 (2012) ("Under the two[-] issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become law of the case." (quoting *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010), *abrogated on other grounds by Repko v. Cty. of Georgetown*, 424 S.C. 494, 818 S.E.2d 743 (2018))); *First Union Nat. Bank of South Carolina v. Soden*, 333 S.C. 554, 566, 511 S.E.2d 372, 378 (Ct. App. 1998) ("It is a fundamental rule of law that an appellate court will affirm a ruling by a lower court if the offended party does not challenge that ruling."); Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."); *Bruno v. Pendleton Realty Co.*, 240 S.C. 46, 51-52, 124 S.E.2d 580, 583 (1962) ("[W]here a dangerous condition in premises is latent and . . . the owner knew or should have known, and [the condition] is unknown to invitees, the owner is required to give proper warning in order to relieve himself from liability for injuries incurred by reason thereof."); *Landry v. Hilton Head Plantation Property Owners Ass'n, Inc.*, 317 S.C. 200, 203, 452 S.E.2d 619, 621 (Ct. App. 1994) ("A landowner owes an invitee a duty of due care to discover risks and to warn of or eliminate foreseeable unreasonable risks."); *Young v. Meeting Street Piggly Wiggly*, 288 S.C. 508, 510, 343 S.E.2d 636, 637 (Ct. App. 1986) ("A merchant is not the insurer of his customer's safety; rather, a merchant owes his customer the duty to exercise ordinary care to keep his premises in a reasonably safe condition."); *Legette v. Piggly Wiggly, Inc.,* 368 S.C. 576, 578-80, 629 S.E.2d 375, 376-77 (Ct. App. 2006) (affirming trial court's grant of summary judgment to store after customer slipped and fell on rain water accumulated at the entrance due in part to the warnings signs and mats placed at the front entrance of the store and employee's efforts to periodically mop the entry area).

**AFFIRMED.**[1]

**THOMAS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.